The defendant then offered a transcript from the State of Pennsylvania, for the purpose of showing that S. McCullough, under whom the plaintiffs claim, had taken the benefit of the insovlent act, and assigned his property for the use of his creditors. The assignment was in these words: “ I do hereby assign all my estate, real, personal, and mixed, to J. B. and J. H, in trust for the uso of my creditors. In testimony whereof, I hereunto set my hand and seal, December 11, 1824; and I do hereby authorize arid em« power any attorney to appear for me, in an amicable ejectment in the name of the assignees, and confess judgment for the two hundred and seventy-three acres with the appurtenances.
*This testimony was objected to, and overruled by the court, on the ground that whatever may have been the effect of the assignment in Pennsylvania, which was a question not necessary now to be decided, it could not pass the title to real property in Ohio, which must be transferred in pursuance of our own laws. The legal title, therefore, remained in the assignor, and descended, at his death, to the lessors of the plaintiff, who are his heirs at law.
If we were disposed to give to this document the greatest effect that can be claimed for it by the defendants, it would show nothing more than an outstanding equity in third persons, which can not be set up to protect the defendants’ possession against those who hold the legal estate; and as this is the only use that could be made of it, it can not be received as evidence.